**WALKER et al. v. GLENN.**

Court of Civil Appeals of Texas. Austin. April 3, 1935.

Rehearing Denied May 1, 1935.

Dibrell & Snodgrass, of Coleman, for appellants.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

BAUGH, Justice.

Appeal is from a judgment in favor of appellee against Walker for the unpaid balance of a series of notes executed by Walk-

er on February 16, 1925, payable to the Temple Trust Company, and for foreclosure of a deed of trust lien on lands in Coleman county, Tex. The defense pleaded was usury.

The first contention urged is that the trial court erred in refusing appellants' motion for a continuance, predicated upon the provisions of what is termed the Moratorium Act (chapter 16 of the General Laws, 43d Leg. 2d Called Sess., 1934 [Vernon's Ann. Civ. St. art. 2218b note]). This act was held unconstitutional by the Supreme Court in Travelers' Ins. Co. v. Marshall, 76 S.W. (2d) 1007, 96 A. L. R. 802, and this contention need not be further considered here.

The contention that the notes in question were usurious is based upon appellants' allegations that they represented a loan to Walker by the Temple Trust Company of $2,000, with which Walker was to purchase and fix a lien on property in Valera, Tex., and that the steps taken with the knowledge and under the direction of the Temple Trust Company were to enable it to secure usurious interest on said loan. The record discloses the following: On January 23, 1925, H. W. Riddles, the owner of said property, conveyed it by warranty deed to M. L. Walker for a recited consideration of $1 cash and the execution by Walker of a note for $2,240, payable to Riddles thirty days after date, and secured by a vendor's lien on said property. This deed was filed for record on the day of its execution. Thereafter on February 16, 1925, by written assignment, acknowledged February 17, and filed for record on that date, Riddles transferred said note and lien to Temple Trust Company for a recited consideration of $2,000, which amount was paid by Temple Trust Company to Riddles on February 20, 1925. Walker and wife executed on February 16, 1925, the series of notes, a part of which are here sued upon, extending over a series of years, aggregating $2,240, secured by a deed of trust on the Valera property and additional property in Coleman, in extension and renewal of the $2,240 vendor's lien note made by Walker to Riddles. Upon the face of the record, therefore, according to the above instruments introduced by appellants themselves, there is disclosed merely the sale by Riddles to Temple Trust Company of Walker's note at a discount and a renewal thereof by Walker for the full amount. Appellant contends, however, that he had in person taken up the matter with Temple Trust Company at Temple in advance of his purchase from Riddles of said property, that said company knew that it was but a loan to pay for the property, that the $240 was added to the amount Riddles was to get for the property, at the request of the Temple Trust Company, and that the method of so closing the transaction was merely a subterfuge for the purpose of concealing usury in the real transaction.

It appears that Walker did go to Temple to negotiate the matter. It is not clear whether he did so to protect himself on his note to Riddles, which matured in thirty days, or as agent for Riddles in the sale of his note. Riddles did not testify. Walker testified that the whole matter was handled as suggested by some employee, not identified by him, of the Temple Trust Company, and that the Temple Trust Company knew in advance that Riddles was to get but $2,000 for the Valera property. This testimony was contradicted by that of Glenn, then president of Temple Trust Company, who approved and authorized the loan to Walker. The issue as to such knowledge by Temple Trust Company of what Walker was to pay Riddles for said property at the time it purchased the note from Riddles was submitted to the jury which found against appellant thereon. Obviously the jury believed Glenn instead of Walker, which forecloses the matter in this court. Upon this state of the record, therefore, and the findings of the jury, the trial court rendered the proper judgment. Riddles could discount Walker's note to him whatever he saw fit, but this would not affect Walker's liability for the full amount of same in the hands of the purchaser. The instruments introduced by appellant himself make a record showing of just such situation, and the jury finding exonerates the Temple Trust Company of any intentional design to exact usury. The bona fides of Riddles' conveyance to Walker is not questioned, the record discloses that Riddles was paid $2,000 by Temple Trust Company for the note assigned by him to it some time after the deed to Walker had been recorded, and it cannot be denied that appellant was liable to Riddles on his note for the full amount thereof.

Appellant relies in support of his contention on Temple Trust Co. v. Stobaugh (Tex. Civ. App.) 59 S.W.(2d) 916. The facts of that case are so clearly distinguishable from the facts herein above outlined, that it obviously does not control the instant case. Not

only was the transaction in that case materially different, therein disclosing but a single transaction and but a subterfuge to conceal usury, but there was also a jury finding against the Temple Trust Company on the issue of knowledge and bona fides.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.